**GOVERNMENT OF the VIRGIN ISLANDS**

v.

**Roosevelt MALONE, Appellant.**

**No. 71–1124.**

United States Court of Appeals, Third Circuit.

Submitted Jan. 24, 1972.

Decided Feb. 10, 1972.

As Amended March 22, 1972.

Thomas Alkon, Christiansted, St. Croix, V. I., for appellant.

Joel Sacks, U. S. Atty., St. Thomas, V. I., for appellee.

Before SEITZ, Chief Judge, and ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

The jury below found appellant to be one of three men who abducted and assaulted a young woman and convicted appellant of rape, kidnapping and grand larceny. Appellant urges two main points for reversal.

First, appellant claims that the introduction into evidence of a confession he made violated his Fifth Amendment rights against self-incrimination. Appellant was arrested on the morning of May 30, 1969 and brought to the local police station. He was held there all day without being questioned and without being given the *Miranda* warnings. Miranda v. Arizona, 384 S. Ct. 1602, 16 L.Ed.2d 694 (1966). In the early evening the chief of detectives conducted an hour-long interrogation of appellant on criminal incidents unrelated to the instant charges. The chief of detectives did not warn appellant of his *Miranda* rights. After this interrogation appellant was turned over to other law enforcement officers. They gave appellant a *Miranda* warning at about 8:10 p. m., just prior to questioning him, and at 8:16 p. m. appellant signed the confession to the instant charges of rape, kidnapping and grand larceny.

Appellant, relying on Westover v. United States, 384 U.S. 436, 494, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (decided together with Miranda v. Arizona, *supra*), argues that he was entitled to a *Miranda* warning when he was first taken into custody, and that the subsequent confession is inadmissible because tainted by the pre-warning police custody. The district court found as a fact that there was no mistreatment, etc., of defendant. Therefore, whatever burden the prosecution had in this situation we think was fairly discharged. This is not a case in which the accused has first made a confession without receiving a *Miranda* warning and then, after a subsequent *Miranda* warning, made a second confession which the prosecution attempts to use in court. *See, e. g.*, Harney v. United States, 407 F.2d 586 (5th Cir. 1969), United States v. Pierce, 397 F.2d 128 (4th Cir. 1968).

The second contention made by appellant is that the voir dire examination of the prospective jurors inadequately afforded a basis for determining whether the jurors were impartially disposed toward the planned defense strategy of claiming that the confession appellant made was a false one. The trial judge propounded a single question to the jurors as a group, inquiring whether any one of them would not give serious consideration to the possibility that an accused might make a false confession. No juror indicated that he would not seriously consider such a claim. Appellant relies on cases like Silverthorne v. United States, 400 F.2d 627 (9th Cir. 1968)

and United States ex rel. Bloeth v. Denno, 313 F.2d 364 (2nd Cir. 1963), cert. denied, 372 U.S. 978, 83 S.Ct. 1112, 10 L.Ed.2d 143 (1963). But in those cases the critical factor was the existence of substantial pre-trial publicity and the inevitable effect such publicity would have had on the minds of all prospective jurors. The principles of the pre-trial publicity cases therefore have no application to this case.

Appellant's other contention is without merit.

The judgment of the district court will be affirmed.